**UNITED STATES, Plaintiff,**

v.

**Billy Joe CHAMBERS, Larry M. Chambers, Belinda Lumpkin, and Eric L. Wilkins, Defendants.**

No. 87–80933.

United States District Court,
E.D. Michigan, S.D.

May 12, 1992.

John R. Roth, Asst. U.S. Atty., for plaintiff.

Timothy P. Murphy, Detroit, Mich., for Wilkins.

Rudolph A. Wartella, III, Eastpointe, Mich., for Lumpkin.

OPINION AND ORDER (1) REINSTATING CONVICTIONS AGAINST WILKINS AND LUMPKIN AND (2) VACATING THE CONSPIRACY CONVICTIONS OF LARRY CHAMBERS AND BILLY JOE CHAMBERS

ROSEN, District Judge.

## INTRODUCTION

This matter is on remand from the Sixth Circuit's decision in *United States v. Chambers*, 944 F.2d 1253 (6th Cir.1991). The Defendants appealed their convictions before the Honorable Richard F. Suhrheinrich for participation in a drug trafficking conspiracy. On appeal, the Sixth Circuit affirmed the convictions and sentences of all Defendants except Belinda Lumpkin ("Lumpkin"), Eric Wilkins ("Wilkins"), Larry Chambers, and Billy Joe Chambers. It

remanded the case with a mandate to conduct a certification hearing to determine whether Lumpkin and Wilkins should have been tried as adults. With respect to Larry and Billy Joe Chambers, it ordered that either the continuing criminal enterprise ("CCE") or the conspiracy count be dismissed and the Defendants resentenced as necessary.

The Court requested and received supplemental briefs from all the parties and heard oral argument on March 24, 1992.

## STATUS OF LUMPKIN AND WILKINS

The jury found Lumpkin and Wilkins guilty of conspiracy to distribute, and conspiracy to possess with intent to distribute, "crack" and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846. As both Defendants performed their overt acts in furtherance of the conspiracy while they were between fifteen and eighteen years of age, the court of appeals, on appeal, found that they were eligible for the special procedural protections afforded certain juveniles under the Federal Juvenile Delinquency Act ("FJDA") of 1938, as amended, 18 U.S.C. § 5031 *et seq.*

However, Defendants failed to invoke the FJDA until the close of the Government's case-in-chief. They then filed motions for mistrial or acquittal on the ground that the trial court lacked subject matter jurisdiction because of the Government's failure to file a certification as required by the FJDA. The Government responded by submitting the required certification and moving to proceed against Defendants as adults.

The trial court denied Defendants' motions. It found that the certification requirement pertained to personal rather than subject matter jurisdiction and that Defendants had waived the issue by failing timely to object. Alternatively, the court concluded that the Government's tender of the certification at the close of its case-in-chief was timely.

The Sixth Circuit affirmed the Court's authority to make the certification decision at that point in the proceedings, but never-

theless remanded the case against Lumpkin and Wilkins. It did so because it determined that the trial court had not conducted the hearing required under the § 5032 of the FJDA.[1] It said:

> While the government filed a motion to proceed against Lumpkin and Wilkins as adults, *the district court held no hearing to evaluate the propriety, in light of the above-listed factors [§ 5032 factors], of so proceeding.*
>
> \*   \*   \*   \*   \*   \*
>
> Under these circumstances, the appropriate remedy is to vacate Lumpkin's and Wilkins' convictions and remand their cases for the statutorily required hearing concerning the propriety of prosecuting them as adults.

*Chambers*, 944 F.2d at 1261 (emphasis added). Therefore, the basis for remand from the Sixth Circuit was the "absence" of a § 5032 hearing.

However, a review of the record reveals that the district court did conduct the required hearing pursuant to § 5032. This is supported by the parties' admissions [2] and the hearing transcript itself. The trial court said: "I do not find the certification to be invalid on its face because the law is not as well settled as I would care to have it so *I am still going to have a juvenile hearing at this time.*" Transcript at 2066 (emphasis added). The record reveals that the district court then conducted a very thorough hearing as required by § 5032, made specific findings, and came to the conclusion that both Lumpkin and Wilkins should be tried as adults.

■ The record and the parties' admissions thus indicate that the Sixth Circuit's belief that no hearing had taken place was mistaken, and, therefore, the presumption underlying this portion of the remand is erroneous. Therefore, the finding of Judge Suhrheinrich that Lumpkin and Wilkins satisfied the § 5032 criteria and could be tried as adults is the law of the case. As this law has not been disturbed, it must be accepted by the Court.[3] Therefore, the Court will reinstate the convictions of Lumpkin and Wilkins.

## DISMISSAL OF CCE OR CONSPIRACY COUNT

Billy Joe and Larry Chambers were convicted of conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and of operating a continuing criminal enterprise, in violation of 21 U.S.C. § 848. Billy Joe Chambers was sentenced to concurrent terms of 365 months imprisonment. Larry Chambers was sentenced to concurrent life terms. They argued on appeal that conspiracy is the lesser included offense of CCE and that punishment for both offenses violates the Double Jeopardy Clause. The Sixth Circuit agreed that the conviction for both CCE and conspiracy violated the Double Jeopardy Clause and ordered this Court, on remand, to vacate one of the two convictions.[4]

---

1. The relevant portion of § 5032 reads:

   ... with respect to a juvenile fifteen years and older alleged to have committed an act after his fifteenth birthday which if committed by an adult would be a felony that is a crime of violence ..., criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, *if such court finds, after hearing, such transfer would be in the interest of justice.*

   18 U.S.C. § 5032 (emphasis added).

2. Wilkins's counsel says: "The Court of Appeals was in error, since the trial court did hold the hearing mandated by 18 U.S.C. § 5032, and since the Court of Appeals did not address the finding of the trial court, those findings would appear to be the law of the case." Wilkins Brief

at 1. *See also* Lumpkin Brief at 2; Government Brief at 10.

3. Furthermore, given the criteria and factors involving a defendant's maturity level and intelligence which a court is to consider under § 5032 in determining whether a juvenile may be tried as an adult, it would seem difficult for a court to make that determination over three years after the trial. For that reason alone, this Court should defer to the judgment of the then trial judge, who had the opportunity to observe these Defendants and make his findings at that time.

4. The Sixth Circuit said:

   We shall, therefore, remand Billy Joe and Larry Chambers' convictions for conspiracy and continuing criminal enterprise, with in-

The critical issue in this instance is which conviction the Court should vacate. It is undisputed that one of the two must be vacated to avoid a Double Jeopardy Clause violation. It is further undisputed that the conspiracy offense is a lesser included offense of the CCE offense. The Court, therefore, will not revisit these issues. However, because of an anomaly in the Sentencing Guidelines (which has since been corrected), the sentence for the conspiracy conviction is greater than the sentence for the CCE conviction. Thus, in terms of sentencing, the CCE conviction represents the lesser offense.

The narrow issue then is: Whether the Court should vacate the offense with the lesser included statutory elements or the lesser sentence.

The Sixth Circuit, on appeal, said that there is no binding precedent controlling this question. It added that courts that have addressed the question have simply dismissed the conspiracy charge as "lesser" without explaining why it was lesser:

> None of those cases [referring to cited cases discussing lesser included offense] discuss, however, any reason for selecting the conspiracy conviction, rather than the continuing criminal enterprise conviction, for dismissal except to observe that the conspiracy offense is the "lesser" of the two. In this case, however, measured by the guidelines-prescribed sentences at least, conspiracy is not the less serious offense because of what the government calls "an anomaly in the sentencing guidelines," although it is, in terms of its elements, included in the criminal enterprise offense.

*Id.* The Sixth Circuit observed that those cases that summarily dismissed the conspiracy conviction failed to explain whether they did so because its statutory elements were subsumed in the CCE conviction or because it carried a lower sentence than the CCE conviction.[5] Indeed, such a distinction was unnecessary as the conspiracy count was the lesser offense under either criterion.

The Government urges the Court to use its discretion in the instant case to adopt the higher sentence for the Defendants. It proposes two arguments in support of its claim that the CCE count should be dismissed. First, the Government should not suffer because of an anomaly in the Sentencing Guidelines. Were the Court to dismiss the conspiracy count and sentence the Defendants based on the CCE count, it would, in essence, be punishing the Government for proving both the conspiracy and the CCE counts as opposed to only the CCE count. This, says the Government, would be an absurd result.

The Government next directs the Court's attention to the seriousness of the crimes. Larry and Billy Joe Chambers orchestrated and operated a highly organized, well disciplined crack conspiracy. This conspiracy, says the Government, combined drug sales with intimidation and violence. In sentencing the Defendants, the sentencing judge chose to give them the highest possible sentence within the Sentencing Guidelines range. Thus, in using its discretion to choose between the two possible sentencing ranges, the Court should, says the Government, consider the seriousness of the Defendants' crimes and choose the higher range.

The Defendants respond simply by noting that all prior cases involving the dismissal of one of two counts to comply with the dictates of the Double Jeopardy Clause

structions that the district court vacate one of the two convictions and its corresponding sentence in each defendant's case. The district court must also consider what, if any, effect the vacated conviction will have upon the sentences imposed under the guidelines for each defendant's other convictions. *Chambers,* 944 F.2d at 1269.

**5.** The Court observes that the frequent use of the phrase "lesser included offense" by the courts addressing this issue fails to clarify the matter. Lesser included offense simply refers to an offense whose statutory elements are subsumed in the elements of a greater offense. The courts often use the phrase to explain *which* offense they will vacate. They do not use it to explain *why* they are vacating the sentence. Therefore, simply because the courts always vacate the lesser included offense does not indicate that they would do so were the lesser included offense the offense with the greater sentence.

have resulted in the dismissal of the charge *and* punishment associated with the lesser included offense. To alter this longstanding rule simply because of an anomaly in the Sentencing Guidelines, say Defendants, would result in confusion in that the same charge could be a greater offense for one trial and a lesser offense for another trial depending on the Guidelines calculations. To avoid this confusion and to conform to precedent, the Defendants urge this Court to dismiss the conspiracy count and sentence the Defendants on the CCE count only.[6]

The Court first notes that this case presents a novel, and perhaps unique, situation. The lesser included offense, for obvious reasons, nearly always carries a lesser sentence. Because of a temporary error in the Sentencing Guidelines, the lesser included offense in this case carries a higher resulting sentence.

The choice placed before the Court is between the sentence with the greater statutory elements or the offense with the greater sentence. As noted, precedent on this issue fails to explain whether the courts were guided by the resulting sentence or the statutory elements when determining the lesser sentence. Moreover, the theory behind the practice of vacating one of two overlapping offenses is equally opaque. Clearly, the courts wish to preserve the more serious offense; but because they fail to explain *why* one offense is less serious—other than to say it is the lesser included offense—it is unclear whether they wish to preserve the offense with the greater elements or the offense with the greater punishment.

■ Having little in the way of precedent as a guide, the Court will analyze the problem from a different perspective—that of the authority of the body setting the severity of the charge and sentence. The Court observes that the statutory elements of the offenses were created by Congress, while on the other hand, the sentences

were determined by the Sentencing Commission. From this perspective, therefore, it is clear that because all the elements of a conspiracy are subsumed under the CCE charge, Congress viewed conspiracy as the lesser offense. However, the Guidelines indicate that the Sentencing Commission, at the time, considered CCE to be the lesser offense. There is, therefore, a conflict between the offense that Congress thought was lesser and the offense that the Sentencing Commission thought was lesser. Of course, the Court must follow the determination of Congress rather than the Sentencing Commission in this matter. Therefore, the Court holds that conspiracy is the lesser conviction and, as such, must be vacated.

■ Additionally, the reason for remand in this instance was a violation of the Double Jeopardy Clause. The focus of the Double Jeopardy Clause is clearly on the *offense* of conviction as opposed to its sentence. If the problem to be remedied by the Double Jeopardy Clause were simply consecutive sentences for the same crime, the solution would be to prescribe concurrent sentences for multiple convictions of the same crime. However, the Supreme Court expressly refused to permit this result. According to that Court, the conviction itself, devoid from its sentence, carries independent consequences sufficient to warrant dismissal and not just concurrent sentencing:

> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored.... Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

*Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740 (1985) (emphasis in original). Though factually dis-

---

6. Defendants add that the Government made the charging decision in this case and should not benefit from its failure timely to dismiss the CCE count. Apparently, the Government failed to research the possible sentencing results of its charging decision and thus failed to catch the

error in the Sentencing Guidelines calculation. Presumably, had it consulted the Sentencing Guidelines and computed the relative sentences for each count, it would have charged the Defendants only with the more easily provable conspiracy count.

similar from the instant case, *Ball* does stand for the relevant proposition that the focus of inquiry of a court required to drop one of two convictions for double jeopardy purposes is on the conviction itself and not the resulting sentence.

Therefore, the relevant guidance from Congress and the Supreme Court counsel in favor of dismissal of the least serious *statutory* charge (here, conspiracy). The most persuasive rebuttal to this approach is that, in this instance, dismissal of the conspiracy count will lessen the sentences of the Defendants. The Sixth Circuit, in remanding, directed that this Court "must also consider what, if any, effect the vacated conviction and sentence will have upon sentences imposed under the guidelines for each defendant's other convictions." *Chambers*, 944 F.2d at 1269. Although the Court takes this direction from the Sixth Circuit as indicating it should weigh, as one of the factors in reaching a decision as to what count to dismiss, the severity of the resulting remaining sentence, the Court does not consider this issue alone to be dispositive.

Whatever the Court's decision on the instant issue, the Defendants will be severely punished under either count of conviction. Larry Chambers is currently under a life sentence. If convicted of CCE, he will, according to the Government, be resentenced to a guideline range between 384 and 465 months. Thus, if sentenced to the maximum possible sentence, Larry Chambers will be facing more than 38 years in prison. Billy Joe Chambers is now serving a 365 month sentence. If convicted of the CCE count, he will, according to the Government, face a guideline range of 188 to 235 months.

Furthermore, although the Court need not, at this point, determine the relevant sentences for Defendants, it observes that to the extent possible under the Sentencing Guidelines, it may counteract any sentence reduction caused by the dismissal of the conspiracy count by considering for purposes of sentencing, as relevant conduct, the Defendants' criminal activities alleged in this dismissed conviction. For example, the dismissed conspiracy count is arguably relevant conduct under the Guidelines and may be applied under the Guidelines's multiple count analysis. It is also arguable that the dismissed conspiracy conviction in this case represents an aggravating circumstance "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines" and may thus be used as the basis for a departure from the Guidelines range. The Court hastens to add that it has not yet made a determination as to sentence. It notes the above simply to counter the Government's claim that the dismissal of the conspiracy count will necessarily result in a much reduced sentence.

Therefore, because the Court believes that conspiracy is the lesser offense, despite its higher sentence in this instance, it will vacate the conspiracy conviction and resentence on only the CCE conviction.

NOW, THEREFORE;

IT IS HEREBY ORDERED that the convictions of Belinda Lumpkin and Eric Wilkins be REINSTATED.

IT IS FURTHER ORDERED that the conspiracy convictions of Larry and Billy Joe Chambers be VACATED and that Larry and Billy Joe Chambers be resentenced on the continuing criminal enterprise convictions.